**TRACFONE WIRELESS, INC., Plaintiff,**

v.

**Vicki S. BROOKS a/k/a Vicki Brooks Al Khatib a/k/a Vicki Alkhatib a/k/a Vicki S. Fraga, individually, and d/b/a BrooksCom, et al., Defendants.**

Civil Action No. 3:07–CV–2033–L.

United States District Court,
N.D. Texas,
Dallas Division.

Signed Aug. 13, 2008.

Aaron S. Weiss, Carlton Fields PA, Maria C. Montenegro, Tracfone Wireless Inc., Miami, FL, April Renee Terry, Gary Ree & McGraw PC, Courtney Nicole Kano, Suzanne I Calbert & Associates, Dallas, TX, Christopher M. Paolini, James B. Baldinger, Carlton Fields PA, West Palm Beach, FL, for Plaintiff.

Clayton E. Bailey, Alexander M. Brauer, Benjamin L. Stewart, Bailey Brauer PLLC, Dallas, TX, for Defendants.

### ORDER

SAM A. LINDSAY, District Judge.

Before the court is Plaintiff TracFone Wireless, Inc.'s Motion for Entry of Default Final Judgment and Permanent Injunction Against Defendant Vicki S. Brooks, filed March 6, 2008. Plaintiffs seek default judgment and the entry of a permanent injunction against Defendant Vicki S. Brooks a/k/a Vicki Brooks Al Khatib a/k/a Vicki Alkhatib a/k/a Vicki S. Fraga, individually, and d/b/a BrooksCom ("Defendant" or "Brooks"). After careful-

ly considering the motion, the court **grants** Plaintiff TracFone Wireless, Inc.'s Motion for Entry of Default Final Judgment and Permanent Injunction Against Defendant Vicki S. Brooks.

On February 12, 2008, the clerk of the court entered default against Defendant because she failed to file an answer or otherwise respond in this lawsuit despite being served by Plaintiff. Defendant has not appeared, responded, or requested a continuance in response to the Complaint.

The court finds that because Defendant has not filed an answer to Plaintiff's Complaint nor otherwise entered an appearance in this lawsuit, and because Defendant is not an infant, incompetent, or in the military, Plaintiff is entitled to judgment against Defendant. The court therefore accepts as true the facts stated by Plaintiff in its Complaint, Plaintiff's Motion for Default Judgment, and the evidence accompanying the motion. If the amount of the judgment can be reliably computed from the record, and a party is otherwise entitled to default judgment, a default judgment can be entered without a hearing. *See James v. Frame,* 6 F.3d 307, 310 (5th Cir.1993); *see generally* Fed.R.Civ.P. 55(b)(1) & (2).

Plaintiff TracFone, Wireless, Inc. ("TracFone" or "Plaintiff") alleges that Defendant is engaged in an unlawful enterprise involving acquisition, sale and alteration of large quantities of TracFone and TracFone's NET10 branded prepaid wireless telephones ("TracFone/NET10 Prepaid Phones" or "Phones") purchased from various retail outlets such as Wal–Mart, Target and Sam's Club; solicitation and payment of others to bulk purchase TracFone/NET10 Prepaid Phones for Defendant's benefit; computer hacking and erasing or otherwise disabling the prepaid software ("TracFone/NET10 Prepaid Software") installed in the Phones essential for consumers to access TracFone's prepaid wireless network or reselling the Phones to others who disable the software, and ultimately selling the altered Phones as new under TracFone's trademarks for the unauthorized use outside of the TracFone prepaid wireless system for profit (the "Bulk Resale Scheme").

TracFone/NET10 Prepaid Phones are sold subject to terms and conditions ("Terms and Conditions") that conspicuously restrict and limit the sale and use of TracFone/NET10 Prepaid Phones. These Terms and Conditions are set forth in printed inserts that are included in the packaging with every TracFone Phone, and are also available to the public on TracFone's website. The Terms and Conditions are also referenced in printed warnings that are placed on the outside of the retail packaging of the Phones. The Terms and Conditions and language on the packaging constitute a valid binding contract.

Pursuant to the Terms and Conditions and the language on the packaging, purchasers of TracFone/NET10 Prepaid Phones agree: (a) to use the Phones only in conjunction with the TracFone/NET10 prepaid wireless service; (b) not to tamper with or alter TracFone/NET10 Prepaid Phones or the Phones' software, enter unauthorized PIN numbers in the Phones, engage in any other unauthorized or illegal use of the Phones or the TracFone/NET10 service, or assist others in such acts; and (c) not to export any TracFone/NET10 Prepaid Phones outside the TracFone/NET10 wireless system coverage area ("Coverage Area"). In violation of the Terms and Conditions, Defendant has, among other things, unlawfully exported TracFone/NET10 Prepaid Phones to foreign countries outside the Coverage area or knowingly facilitated others who have done so; facilitated others to use the

Phones without the TracFone/NET10 prepaid wireless service; and altered TracFone/NET10 Prepaid Phones and the Phones' software or facilitated others who have done so.

As a result of Defendant's involvement in the Bulk Resale Scheme, TracFone asserted claims against Defendant for breach of contract, federal trademark infringement, 15 U.S.C. § 1114; federal unfair competition, 15 U.S.C. § 1125; common law unfair competition; contributory trademark infringement; copyright infringement under 17 U.S.C. § 101 *et seq.;* violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201 *et seq.;* tortious interference with business relationships and prospective advantages; tortious interference with contract; dilution of TracFone's trademarks as a violation of Tex.Code Ann. § 16.29; civil conspiracy; and unjust enrichment.

The court finds that TracFone owns all right, title, and interest in and to United States Trademark Registration No. 2,114,-692, issued on November 18, 1997 and based on a first use date of June 30, 1996; United States Trademark Registration No. 2,761,017, issued on September 9, 2003 and based on a first use date of December 2000; United States Trademark Registration No. 3,224,929, issued on April 3, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,222,623, issued on March 27, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,118,250, on July 18, 2006 and based on a first use date of March 1, 2005; United States Trademark Registration No. 3,255,754, issued on June 26, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,253,506, issued on June 19, 2007 and based on a first use date of December 31, 2005; and United States

Trademark Registration No. 3,251,389, issued on June 12, 2007 and based on a first use date of December 31, 2005 (collectively the "TracFone Trademarks").

The court also finds that the TracFone Trademarks are valid, distinctive, protectable, and famous, and that they have acquired secondary meaning and are associated exclusively with TracFone. The court finds that the trademark registered under Registration No. 2,114,692 is incontestable.

The court further finds that TracFone holds a valid and enforceable copyright registration, TX 6–515–894, on the TracFone Prepaid Software.

The court finds that the Defendant's involvement in the Bulk Resale Scheme constitutes breach of contract, federal trademark infringement, 15 U.S.C. § 1114; federal unfair competition, 15 U.S.C. § 1125; common law unfair competition; contributory trademark infringement; copyright infringement under 17 U.S.C. § 101 *et seq.;* violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201 *et seq.;* tortious interference with business relationships and prospective advantages; tortious interference with contract; dilution of TracFone's trademarks as a violation of Tex.Code Ann. § 16.29; civil conspiracy; and unjust enrichment.

The court finds that the Terms and Conditions constitute a valid binding contract enforceable against Defendant. The Court finds that (a) facilitating others to use TracFone/NET10 Prepaid Phones in conjunction with service providers other than TracFone, (b) tampering with or altering TracFone/NET10 Prepaid Phones or the Phones' software, entering unauthorized PIN numbers in the Phones for purposes of unlocking or reflashing the Phones, or facilitating others in such acts, or (c) exporting TracFone/NET10 Prepaid Phones

outside the Coverage Area, or assisting others in such acts, respectively, constitute independent breaches of contract for which TracFone is entitled to relief.

The court further finds that Defendant's participation in the Bulk Resale Scheme has caused substantial and irreparable harm to TracFone, and will continue to cause substantial and irreparable harm to TracFone unless enjoined. The court determines that Plaintiff has proved infringement and that it has prevailed on its claims. Accordingly, TracFone is entitled to injunctive relief and damages on the claims set forth in the Complaint.

On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including: "Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network." 71 Fed.Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. § 201.40(b)). The court finds that this new exemption does not absolve Defendant of liability for her violations of the DMCA as alleged in TracFone's Complaint, because Defendant's conduct as alleged in this case does not come within the scope of the new exemption. Defendant's purchase and resale of the TracFone handsets were for the purpose of reselling those handsets for a profit, and not "for the sole purpose of lawfully connecting to a wireless telephone communication network." Because the exemption does not apply to the conduct alleged in this case, there is no need for the court to address the validity of the exemption or the circumstances surrounding its enactment.

Pursuant to 17 U.S.C. § 1203(c)(3)(A), TracFone is entitled to recover statutory damages "of not less than $200 or more than $2,500" for each TracFone/NET10 Prepaid Phone Defendant altered, or sold as part of a conspiracy to alter, in furtherance of the Bulk Resale Scheme for Defendant's violation of the DMCA. The court finds Defendant altered, or sold as part of a conspiracy to alter, at minimum, 2,171 TracFone/NET10 Prepaid Phones in furtherance of the Bulk Resale Scheme in violation of the DMCA. The court therefore determines that Plaintiff is entitled to recover $434,200 ($200 × 2,171 phones), which shall bear interest at the legal rate.

The court also determines that TracFone is also entitled to recover its costs and reasonable attorneys' fees incurred in bringing this action as a prevailing party pursuant to 17 U.S.C. § 1203(b)(4)-(5). Should TracFone decide to pursue recovery of its reasonable attorneys' fees and costs, TracFone shall make application and submit proof in accordance with Rule 54 of the Federal Rules of Civil Procedure.

Accordingly, for the reasons stated herein, the court **grants** Plaintiff TracFone Wireless, Inc.'s Motion for Entry of Default Final Judgment and Permanent Injunction Against Defendant Vicki S. Brooks. The court will issue final judgment and a permanent injunction against Defendant by separate document.